West Coast Hollywood Theatres v. Commissioner.
West Coast Hollywood Theatres v. Commissioner
Docket No. 107905.
United States Tax Court
1943 Tax Ct. Memo LEXIS 476; 1 T.C.M. (CCH) 512; T.C.M. (RIA) 43051; January 30, 1943
*476 Depreciation determined for various theatres and theatre equipment. William W. Owens, Esq., 100 Broadway, New York City, for the petitioner. B. M. Coon, Esq., and Frank T. Horner, Esq., for respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax for the years 1938 and 1939 in the respective amounts of $2,296.88 and $1,295.94. The deficiencies resulted solely from the disallowance of alleged excessive depreciation deductions on six theatre buildings, theatre equipment, and for the year 1938 office equipment. At the hearing petitioner's counsel waived the assignment of error with respect to the disallowance of depreciation on equipment in the Stadium Theatre to the extent of $3,525.89 for the year 1938. FINDINGS OF Fact Petitioner is a California corporation engaged in the operation of motion picture theatres in and around Los Angeles. The following are the motion picture theatres, all of them so-called neighborhood theatres, which petitioner owned during the calendar years 1938 and 1939, the dates when they were constructed, the dates of acquisition by petitioner, the costs to petitioner, and the dates and amounts of capital *477 improvements made by petitioner to the end of 1939: Date of
Date of
Aequisition
Subsequent
Construc-
by Peti-
Cost to
Capital
Theatre
tion
tioner
Petitioner
Improvements
Apollo
1920
1930
$ 35,500.15
$2,189.32 in 1935
Carmel
1924
1924
114,361.52
114,98 in 1929
244.76 in 1930
901.47 in 1935
Rivoli
1924
1924
52,500.00
None
Filmarte
1926
1936
28,462.54
None
El Portal
1926
1926
134,228.17
281.95 in 1927
74.25 in 1928
273.85 in 1929
2,400.00 in 1930
1,007.00 in 1935
Stadium
1931
1931
138,782.96
2,967.12 in 1937
Through the calendar years 1938 and 1939 petitioner claimed annual depreciation for income tax purposes on a straight line basis, according a total life of 35 years to each theatre from the date of its construction, and a life to subsequent capital additions equivalent to the estimated remaining life of the theatre at the time of such additions. In the notice of deficiency the Commissioner determined that the Apollo Theatre had a useful economic life of 50 years and that the other five theatres had useful economic lives of 40 years. The useful economic lives of the theatres *478 in question from the dates of their construction, taking into account depreciation and obsolescence, were: 33 1/3 years for the Apollo, Rivoli, and Filmarte; and 35 years for the Carmel, El Portal and Stadium. During the calendar years 1938 and 1939 petitioner owned the equipment in the Apollo, Beverly, Carmel, El Portal, Filmarte, Paramount (now known as Loma), Stadium and Valley theatres and also certain office equipment. The following are the years of purchase and cost of the equipment in issue here upon which the taxpayer claimed depreciation in its federal income tax returns for the years 1938 and 1939 and the theatres in which such equipment had been installed: Year
Theatre
Acquired
Cost
Apollo
1932
$2,727.94
1934
241.17
1935
2,837.35
1936
23.06
1938
107.09
Beverly
1931
1,313.56
1933
361.55
1934
345.05
1935
693.48
1936
5,326.27
1938
46.35
1939
153.73
Carmel
1930
234.61
1933
1,739.00
1934
4,290.95
1935
3,918.80
1936
49.75
El Portal
1931
488.85
1933
133.78
1934
2,849.63
1935
2,965.82
1936
74.10
1939
3,165.65
Filmarte
1932
25.00
1933
62.55
1934
474.23
1936
2,724.95
1938
72.06
Loma (Paramount)
1930
175.89
1931
4,234.89
1932
26.40
1934
633.67
1935
3,543.35
1939
1,029.00
Stadium
1932
1,118.40
1934
739.42
1935
101.98
1936
60.55
1937
2,883.62
1938
565.49
Valley
1937
6,432.50
1938
150.11
1939
8,551.56
Office Equipment
1930
188.46
1931
7,651.19
1932
250.00
1933
35.00
*479 The theatre and office equipment in the eight theatres enumerated in the foregoing paragraph had a composite life of eight years. This finding does not apply to theatre seats and sound equipment, as to which there is no issue in the present case. Opinion ARUNDELL, Judge: The only matter in dispute between the parties in respect of the six theatre buildings was the length of their respective useful economic lives. The parties were in agreement upon their costs and the dates of construction and/or acquisition by petitioner. We are of opinion that the evidence supports the ultimate finding of useful economic lives of the buildings. No useful purpose would be served by reviewing the evidence. It is sufficient to note that as to the three larger theatres our finding is in accordance with the rate of depreciation adopted and followed by petitioner for many years; and as to the other three the Commissioner's own witness testified that the useful economic lives would not exceed 33 1/3 years. Respondent concedes on brief that the evidence justifies petitioner's claim that eight years is the correct composite life attributable to the theatre and office equipment. We agree that this is true *480 and a finding to that effect has been made. Decision will be entered under Rule 50.